**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| KAREY COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:12-cv-1005-JMS-MJD |
| ) | |
| BUREAU OF INDIANA EDUCATION, ) | |
| ) | |
| Defendant. ) | |

**Entry and Order Dismissing Action**

**I.**

It has been noted that the "dismissal of a complaint on the ground that it is unintelligible is unexceptionable." *Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 820 (7th Cir. 2001). This case is another such action.

Despite repeated attempts, plaintiff Karey Coleman has failed to submit a complaint that complies with the *Federal Rules of Civil Procedure*BRule 8(a)(2) in particular. Rule 8(a)(2) requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . .@ The purpose of this requirement is Ato give the defendant fair notice of what the claim is and the grounds upon which it rests.@ *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993)(noting that the main purpose of Rule 8 is rooted in fair notice: a complaint Amust be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.@) (quotation omitted)).

One significant deficiency of the second amended complaint is that Mr. Coleman has sued the Bureau of Indiana Education. No such Bureau exists. The address Coleman provides for service in his original complaint reflects that the agency he has named is really the Bureau of **Indian** Education, MS-3609-MIB, 1849 C Street, N.W., Washington, D.C. 20240. No connection with the Bureau of Indian Education and Mr. Todd Delay's alleged failure to score Mr. Coleman's GED exam or with Mr. Coleman's inability to obtain employment as a welder is apparent from the second amended complaint. The Entry of October 18, 2012, specifically

stated that the second amended complaint was to describe the defendant agency with sufficient clarity that its existence and identity could be confirmed. In addition, Mr. Coleman was warned that if another inadequate complaint was filed this case would be dismissed.

In applying this standard, "[a] complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). The plaintiff has pled himself out of court "by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008); *see also Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993) (when a plaintiff "pleads facts that show his suit is . . . without merit, he has pleaded himself out of court"), *cert. denied,* 511 U.S. 1084 (1994).

Despite repeated efforts and directions as to applicable guidelines for pleadings, Coleman remains unable to assert a plausible claim against the defendant. This assessment is required by 28 U.S.C. § 1915(e)(2)(B) because Coleman was granted leave to proceed *in forma pauperis* and the action must now be dismissed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990) ("Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.").

## II.

For the reasons set forth above, the second amended complaint is **dismissed** based on the violation of Rule 8 and because it fails to state a claim upon which relief can be granted.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/02/2012

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Karey David Coleman
189 South Sunblest
Fishers, IN 46038